UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

GREGORY PAUL PRICE,

                       Plaintiff,                            Case No. 2:06-cv-192

v.                                                  Honorable Robert Holmes Bell

JOHN S. RUBITSCHUN et al.,

                       Defendants.

_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

## Discussion

I.    Factual allegations

Plaintiff is incarcerated at the Hiawatha Correctional Facility.  He is presently challenging the revocation of his parole, claiming that his rights under the Fourth and Fourteenth Amendments were violated.  In May 2003, Plaintiff was released on parole.  In September 2005, he was arrested and charged with failing to report to his parole officer.  The charge was allegedly based upon false and misleading statements made by parole agent Phil Rath.  Plaintiff was subsequently charged with possession of a controlled substance, possession of drug paraphernalia, associating with a felon, and possession of a weapon.  Attorney Robert Willis was appointed to represent Plaintiff.  Forty-six days after his arrest, a formal hearing for parole revocation was held before administrative law examiner Gary Kasenow.[1]  Plaintiff alleges that at the hearing, Phil Rath and Rodney Rought, a Kalamazoo County deputy sheriff, knowingly gave false testimony.  Attorney Willis failed to conduct any pre-hearing investigation or obtain exculpatory documentary evidence.  The parole board ultimately revoked Plaintiff's parole.  He filed a grievance, and John Rubitshun, Michigan Parole Board Chairman, responded at Step II that "you had a hearing on 10/27/05. [Administrative law examiner] concluded the hearing on this date and deferred his vote until he had an opportunity to review your file."

Plaintiff brings this action against John Rubitshun, Gary Kasenow, Phil Rath, Rodney Rought, Robert Willis, and parole board member Stephan DeBoer.  For relief, Plaintiff seeks an order declaring that his rights were violated and the decision of the parole board is void; an

---

[1]Michigan law provides that a parole revocation hearing must be held within 45 days after a prisoner has been returned to state correctional facility under accusation of a parole violation.  MICH. COMP. LAWS § 791.240a(1).

injunction enjoining Defendants from relying on false information; a grant of "habeas corpus" relief for his immediate and unconditional release; and compensatory and punitive damages.

II.    Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As this action inevitably challenges the validity of Plaintiff's parole revocation proceeding and the subsequent decision to revoke parole, it calls into question the fact and duration of Plaintiff's confinement. A challenge to the fact or duration of confinement must be brought as a petition for writ of habeas corpus. *See Preiser v. Rodriguiz*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody); 28 U.S.C. § 2254 (a person may file a petition for a writ of habeas corpus when the person claims he is "in custody" for a conviction "in violation of the Constitution or laws or treaties of the United States."). The Supreme Court has held that a state prisoner cannot make a cognizable claim under § 1983 for an alleged unconstitutional conviction or "for other harm caused by actions whose unlawfulness would render

- 3 -

a conviction or sentence invalid," unless the prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 125 S. Ct. 1242, 1248 (2005) (emphasis in original).

The principles espoused in *Heck* have been applied to § 1983 actions like Plaintiff's, challenging state parole revocation proceedings in the absence of a previous decision by a state or federal tribunal declaring the parole revocation invalid. *See Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir.1995) (per curiam); *Lovett v. Kinkela*, No. 98-3894, 1999 WL 644323, at *1 (6th Cir. Aug. 16, 1999); *Corsetti v. McGinnis*, No. 95-2061, 1996 WL 543684, at *1 (6th Cir. Sept. 24, 1996). Because Plaintiff has not alleged that his parole revocation has been invalidated by either a state or federal habeas corpus decision, he fails to present a cognizable federal claim.[2]

---

[2]On March 15, 2006, Plaintiff filed in this Court a petition for writ of habeas corpus. *Price v. Metrish*, 2:06-cv-71 (W.D. Mich.). The petition was denied and dismissed without prejudice on June 19, 2006, for failure to exhaust state remedies. A Michigan prisoner contesting his parole revocation may seek judicial review of his parole revocation under the Administrative Procedures Act, or file a petition for state habeas corpus relief. *See Penn v. Dep't of Corr.*, 298 N.W.2d 756, 757-58 (Mich. Ct. App. 1980) (Administrative Procedures Act); *Morales v. Mich. Parole Bd.*, 676 N.W.2d 221, 230 (Mich. Ct. App. 2003) (state habeas corpus). Plaintiff alleges that he filed a petition for writ of habeas corpus in the Circuit Court for Chippewa County. The petition was allegedly denied because the court erroneously applied the statute governing eligibility for parole. It does not appear that Plaintiff appealed the Circuit Court's decision. If Plaintiff has exhausted the state appellate process, or exhausts in the future, and if he is not satisfied with the outcome, he may then file with this Court a petition for writ of habeas corpus.

**Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   September 12, 2006


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).