UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREGORY PAUL PRICE,

              Plaintiff,                           FILE NO. 2:06-CV-192

v.                                      HON. ROBERT HOLMES BELL

JOHN S. RUBITSCHUN, et al.,

              Defendants.

_____/

## ORDER AND JUDGMENT ADOPTING REPORT AND RECOMMENDATION

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to the Magistrate Judge for screening, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c). The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that this Court dismiss the action for failure to state a claim (docket #3). The matter presently is before the Court on Plaintiff's objections to the R&R (docket #4).

This Court reviews *de novo* those portions of an R&R to which objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court may accept, reject or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

In his complaint, Plaintiff alleges that Defendants violated his constitutional rights by revoking his parole. The Magistrate Judge recommended the complaint be dismissed as barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff argues that he should not be required to pursue futile state-court remedies before bringing his federal civil rights action. He therefore objects to the Magistrate Judge's recommendation.

Regardless of the likelihood of success in the state courts, Plaintiff must exhaust his state-court remedies before bringing a federal habeas action and must successfully have his parole revocation overturned in either state or federal court prior to bringing a civil rights action against parole officials. *See Heck*, 512 U.S. at 486-87; *Wilkinson v. Dotson*, 125 S. Ct. 1242, 1248 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation) . . . *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original); *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (applying *Heck* to § 1983 challenges to parole revocation proceedings). The Magistrate Judge's analysis, therefore, is sound.

Having considered Plaintiff's objections and finding no error, the Court hereby denies Plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge as the opinion of the Court. Accordingly,

**IT IS ORDERED** that Plaintiff's objections (docket #4) to the Report and Recommendation of the Magistrate Judge are **DENIED** and the Report and Recommendation of the Magistrate Judge is **ADOPTED** in its entirety as the opinion of this Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is dismissed for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A and 42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

Date:    January 8, 2007                              /s/ Robert Holmes Bell
                                                      ROBERT HOLMES BELL
                                                      CHIEF UNITED STATES DISTRICT JUDGE

2